WALLACE, JUDGE:
Claimant, Codex Corporation, a Massachusetts based manufacturer of technical equipment, supplied the West Virginia Network for Educational Telecomputing (hereinafter referred to as WVNET), a State agency under the auspices of the Board of Regents, respondent herein, with twenty-three modems, devices which permit the transmission of signals between computers over telephone lines. This transaction was made under a putative lease agreement dated October 2, 1979 and executed by Gary Wenger, Assistant Director at that time of WVNET. Under the terms of the lease agreement, WVNET was supplied with modems for terms of 36 months for six of the modems and 48 months for 17. WVNET made monthly rental payments on the equipment through October 1981 when it returned the equipment to claimant's office in Mansfield, Massachusetts and indicated by letter that it was canceling the agreement.
Claimant filed its Notice of Claim alleging breach of contract and seeking $97,536.00, the balance of payments due under the unexpired leases. Prior to the hearing on the matter, claimant and respondent stipulated most of the material facts.
The only issue remaining for resolution was the respondent's contention that since the 1979 lease agreement was not executed pursuant to the laws and regulations governing State purchase orders and competitive bidding, it was void and of no effect.
This matter came on for hearing on November 13, 1985. The parties each stipulated that "(n)o purchase order was ever issued by the Department of Finance and Administration for the State of West Virginia approving the lease agreement." Moreover, Kathy Klein, Assistant Director of Purchasing of the Department of Finance and Administration, testified that her department had no record of a competitive bid or the issuance of a purchase order in connection with the 1979 lease of the modems from claimant. John L. Hays, Business manager of WVNET, testified that WVNET also had no record of compliance with State purchasing regulations. Finally, William Phelps, claimant's manager of corporate credit and collections, stated that his records did not show that the 1979 lease agreement was the result of a competitive bid or other procedure authorized by law.
The West Virginia Code of 1931, as amended, 5A-3-1 et seq, prescribes certain procedures for the procurement of commodities by State agencies. Contracts for commodities must be evaluated and approved by the Director of Purchasing of the Department of Finance and Administration. *84 Moreover, contracts which exceed $2,000.00 must be awarded on the basis of competitive bidding. WV Code of 1931, as amended, 5A-3-12. Finally, contracts must be signed by the commissioner, and, if they require more than six months to fulfill, must be filed with the State Auditor. WV Code of 1931, as amended 5A-3-15.
The lease agreement in the present case involved well over $2,000.00 and would require up to four years for fulfillment. The testimony indicates that WVNET and claimant did not comply with the statutory procedures established for government procurement contracts. It appears that the modems were acquired on the open market and that the Department of Finance and Administration was bypassed altogether in a manner contrary to applicable law.
The Code of WV of 1931, as amended, 5A-3-19, provides, in pertinent part:
"If a department purchases or contracts for commodities contrary to the provisions of this article..., such purchase or contract shall be void and of no effect." (Emphasis supplied).
Since the 1979 lease agreement was void ab initio, the subsequent cancellation thereof by the State did not constitute a breach of contract. No contract had ever been formed, and claimant cannot recover damages for breach or otherwise enforce any rights against the State under a void contract.
The parties agree that the State returned the modems to claimant no later than October 1981 and that the full rental price as set forth in the lease agreement has been paid through that month. Accordingly, the Court need not consider whether equity requires that claimant be compensated for the fair rental value of the equipment for the period of actual use.
Accordingly, inasmuch as the alleged contract upon which claimant brings this action for breach was void and unenforceable, the Court is of the opinion to and does disallow the claim.
Claim disallowed.